**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Indemnity Company, Inc., an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Carrie Reidel, a single woman; Caring Presence, L.L.C., an Arizona Limited Liability Company,<br><br>Defendants. | No. CV 10-8158-PHX-DGC<br><br>**ORDER** |

Plaintiff Allstate Indemnity Company, Inc. filed a declaratory action against Defendants Carrie Reidel and Caring Presence, L.L.C.[1] Doc. 1. Defendant Reidel filed a motion to dismiss or stay the case (Doc. 11), which Defendant Caring Presence did not join. The motion has been fully briefed. Docs. 11, 14, 18. For the reasons that follow, the Court will grant the motion and dismiss this action.[2]

---

[1] Although the complaint asserts diversity jurisdiction under 28 U.S.C. § 1332, it does not expressly frame the declaratory relief under the federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201. Defendant Reidel's motion to dismiss assumes FDJA was the basis for Plaintiff's relief (Doc. 11 at 1), however, and this assumption is confirmed by Plaintiff's response (Doc. 14 at 2). The Court will accept the two parties' stipulation that Plaintiff's only claim for relief is under the FDJA.

[2] Defendant Reidel's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

A summary of the facts alleged follow. Defendant Reidel was seriously injured by a runaway vehicle that crashed through the wall into Reidel's work area on the premises of Defendant Caring Presence. Doc. 1. Plaintiff's action, filed on August 24, 2010, seeks a declaration that Plaintiff is not liable for coverage under a business automobile liability policy issued to Caring Presence. *Id.* Plaintiff also seeks attorney fees and costs. *Id.* at 7. On or about November 12, 2010, Defendant Reidel filed an action in Superior Court of Arizona for Maricopa County against Allstate, Caring Presence, and ten Doe defendants requesting a declaration that she is entitled to coverage under Plaintiff's policy issued to Caring Presence. Doc. 14-1.

On November 19, 2010, Defendant Reidel filed a motion in this Court to dismiss, stay, or remand Plaintiff's federal declaratory action under the abstention doctrines announced in *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491 (1942), *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and their progeny. Doc. 11. Plaintiff opposes on two grounds, discussed below. Doc. 14.

The federal Declaratory Judgment Act ("FDJA") states that "[i]n a case of actual controversy within its jurisdiction [with noted exceptions] . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).[3] In *Wilton*, a diversity case, the United States Supreme Court concluded that the FDJA "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." 515 U.S. at 288. The Court added that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* Factors to consider when exercising discretion to dismiss include the futility of the

---

[3] Plaintiff's counsel, in quoting from the FDJA, altered the text of the statute so as to omit the word "may" and instead used the word "to." Doc. 14 at 5:18. The alteration omitted a part of the statute that is critical to the issue in this case – namely, the discretionary nature of the FDJA remedy.

- 2 -

action, the existence of parallel proceedings that permit the "ventilation" of the issues, avoiding duplicative litigation, avoiding forum shopping and procedural fencing, and other considerations of "practicality and wise judicial administration." *Wilton*, 515 U.S. at 288; *Brillhart*, 316 U.S. at 494-95; *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802-04 (9th Cir. 2002) (noting that the *Brillhart* factors are "not necessarily exhaustive"); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 & n.5 (9th Cir. 1998) (en banc); *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (suggesting that a district court in a FDJA action "must balance concerns of judicial administration, comity, and fairness to the litigants").

Defendant Reidel argues that this Court should dismiss or stay this case because a parallel action exists in State court that addresses the same issues. Doc. 11 at 9-10. Defendant asserts that the Ninth Circuit has typically allowed state courts to resolve matters involving state law between insurers and insureds, citing to *Polido v. State Farm Mut. Ins. Co.*, 110 F.3d 1418, 1424 (9th Cir. 1997), and *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995). Doc. 11 at 9-10. Plaintiff responds that abstention is the exception not the rule, quoting from *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), and that Defendant Reidel offers no exceptional circumstances that warrant abstention. Doc. 14 at 6. Plaintiff also asserts that the *Brillhart* factors do not support abstention because Defendant Reidel has not identified a state law issue of first impression, that Defendant should be discouraged from forum shopping in state court, and that the parallel state-court litigation is Defendant's own doing after Plaintiff filed its federal declaratory action. Doc. 14 at 8-9.

As a threshold matter, *Colorado River*'s "exceptional circumstances" test is not controlling because that case did not involve a declaratory action under FDJA. *Wilton*, 515 U.S. at 286 ("Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and

*Moses H. Cone*"); *accord Huth*, 298 F.3d at 804 ("'Exceptional circumstances,' however, is not the standard for discretionary jurisdiction under [the FDJA]." (citing *Wilton*, 515 U.S. at 286-88)). Therefore, the Court will apply the multi-factor analysis of *Brillhart*, *Wilton*, and their progeny.

In this case, there is a parallel proceeding in state court filed by Defendant Reidel on the very issues present in this declaratory action. Plaintiff does not dispute that the issues involve purely state law and that the state court action would dispose of all issues raised by Plaintiff in the present declaratory suit. Although Plaintiff argues that the issues are not matters of first impression (Doc. 14 at 8), Plaintiff cites no support for the proposition that *Brillhart* requires matters of first impression. Moreover, because the state action does not appear to meet the "complete diversity" requirement of § 1332 in its present state, thereby rendering it not removable to federal court, the state and federal proceedings would continue to be parallel if this court were to exert jurisdiction over this suit. Therefore, this factor weighs in favor of Defendant.

Contrary to Defendant's contention, the issues here can be resolved in either state or federal court. To the extent that *Polido* and *Karussos*, cited by Defendant, suggest an insurer should first seek resolution of state law issues in a state court, both cases were decided prior to *Dizol*. *Dizol* clearly notes that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." 133 F.3d at 1225. Without the benefit of answers from either defendant in this case, this Court cannot conclude that any issues raised by Defendant would presumptively favor state-court resolution.

As to forum shopping and duplicate litigation, Defendant Reidel filed the state action after Plaintiff filed the present declaratory suit. Although the Court may conclude Defendant's state filing is an attempt to preclude resolution of the case in federal court as Plaintiff suggests (Doc. 14 at 8), the Court may just as reasonably conclude that Plaintiff filed the FJDA action to preempt state resolution of the case as Defendant Reidel

- 4 -

suggests (Doc. 11 at 14).  The latter conclusion appears more persuasive to this Court. Plaintiff does not assert affirmative infringement of its rights by any defendant in this case – the action is purely for declaratory relief.  Moreover, Defendant asserts, and Plaintiff does not deny, that "[Plaintiff] and its attorneys have yet to provide complete copies of all endorsements and policy documents that are essential to determining the issue of coverage for [Defendant]. [Plaintiff] is holding all the cards here.  [Plaintiff] ran to the courthouse in an effort to trump [Defendant] before she was ever dealt a full hand." Doc. 11 at 14:22-25.  Plaintiff argues that Defendant's state-court complaint is a mirror image of Plaintiff's federal complaint (Doc. 14 at 8), but the contents of the two documents are clearly not identical.  *Compare* Doc. 1 *with* Doc. 14-1.  Finally, the fact that the state-court action was filed approximately 2½ months after the federal action is not dispositive.  *See Huth*, 298 F.3d at 804 (noting that in *Wilton* "the Court suggested that the order of filing is legally insignificant when it ruled in favor of a state action filed several weeks after a federal action." (citing *Wilton*, 515 U.S. at 279-80)).  The Court finds that the policy considerations of avoiding forum shopping and duplicate litigation are best fulfilled by dismissing this action and permitting the state court proceedings to continue.

From a judicial economy perspective, this Court has not expended significant resources on this action to date.  The motion to dismiss is the first and only material motion raised in this action; no answers have yet been filed by either defendant. Therefore, judicial economy would be furthered by permitting the state court to address the claim.

On balance, the factors favor resolving this case in state court.  The Court will dismiss the declaratory claims against Defendant Reidel.  Although Defendant Caring Presence has not joined the motion to dismiss, Plaintiff has not alleged that it has an actual controversy against Caring Presence. Doc. 14 at 5 ("Here, there is a substantial controversy between parties having adverse legal interests, *i.e.*, Allstate and Reidel, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). Plaintiff has failed to show that it has standing to allege declaratory claims against Defendant Caring Presence.  Therefore, the Court will dismiss the claims.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, __ F.3d ____, 2011 WL 43709, *11-12 (9th Cir. Jan. 7, 2001) (en banc) ("[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing," quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002), and holding that the district court should have dismissed claims over which Plaintiff had no standing at the onset).

**IT IS ORDERED:**

1. Defendant Reidel's motion to dismiss (Doc. 11) is **granted**.
2. The declaratory claims against Defendant Caring Presence, L.L.C. are dismissed on standing grounds.
3. The Clerk shall terminate this action.

Dated this 24th day of February, 2011.

_____
David G. Campbell
United States District Judge